[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Family Support Magistrate, Reynolds, FSM, which found the respondent guilty of the paternity of the subject child, by default. Abode service was found, but the defendant failed to respond to the petition or to appear for the hearing. The State of Connecticut appeals the decision of the Family Support Magistrate on the issue of current support, the computation of the arrearage, and the requirement that notice of the immediate income withholding is a condition precedent to its effectiveness.
Like many such appeals, the court is provided with legal argument from the State of Connecticut alone. No one represents the respondent. No one argues the case for the Family Support Magistrate. The court must look to the case law presented, and case law known to the court on the issues of this appeal. It is clear from the facts that the State claims reimbursement for the total AFDC award to the mother and child. In the absence of knowledge of the income of the respondent father, the State takes that position as a matter of policy.
The State also claims as the arrearage the entire AFDC award since the birth of the child. Again that position is consistent with the policy of the State of Connecticut. The Family Support Magistrate, hearing the default case, and hearing one side, elected to order what payments would be received by the child directly. In this matter, the Magistrate ordered Fifty-one ($51.00) Dollars per week in current support and Ten ($10.00) Dollars per week on an arrearage of Five Thousand, Two Hundred, Two ($5,202.00) Dollars. While not specifically articulated in the record, it is clear from the comments of the Family Support Magistrate that there is a duty of the mother to support herself in light of her participation in the conception and birth of the child. The record discloses that the mother had had recent contact with the father, and had received cash sums from him, and was far less than forthcoming with respect to his address and employment status. The mother of this child did nothing to assist the State of Connecticut in its efforts to secure reimbursement CT Page 5745 for the funds advanced to her and to the child. The frustration with this set of circumstances was apparent on the record.
The law however, does not let the father of the child profit from this lack of cooperation. The case law cited by the State is a correct statement of the law. The expenses to the State for support of the caretaker parent are proper charges in determining the amount of child support. Faraday v. Dube, 175 Conn. 433,399 A.2d 1262 (1978), In Re Bruce, 234 Conn. 194, 206, 662 A.2d 107,114 (1995). The time limits on assistance awards since so-called welfare reform legislation was passed reinforces the rationale for this case law. The mother of the young child still eligible for assistance is less likely to find employment outside the home to pay for adequate neonatal and early childhood care for the minor child. The ability of the primary caretaker to remain with the child is still part of the public policy of the State.
The recent public act cited by the State with respect to the effective date of an immediate income withholding is also controlling. There is no legal requirement for notice prior to the effectiveness of an immediate income withholding. P.A. 97-7, Sec. 28(c)(1).
The appeal is sustained, and the matter is remanded to the Family Support Magistrate to enter appropriate child support based on ability to pay, or on full grant of AFDC (TFA) if no income history or wages are known, and for the income withholding order to be entered effective immediately.
DRANGINIS, J.